| UNITED STATES BANKRUPTCY COURT DISTRICT OF NEW JERSEY **Caption in Compliance with D.N.J. LBR 9004-2(c)** QB-195-C Eisenberg Gold & Agrawal, P.C. William E. Craig, Esq. 1040 Kings Highway North #200 Cherry Hill, NJ 08034 (856) 330-6200 Attorney for Quantum3 Group LLC as agent for Sadino Funding LLC | Case No. 24-19229 Adv. No. |
|---|---|
| In Re: ELIGIA LOPEZ | Hearing Date: 12-4-25 Judge: (VFP) |

## RESPONSE TO DEBTOR'S MOTION TO EXPUNGE CLAIM

COMES NOW, Quantum3 Group LLC as agent for Sadino Funding LLC (hereinafter "Quantum3"), by and through its attorney of record, to oppose the Motion To Expunge Claim, based upon the following:

1. On September 18, 2024 the Debtor filed a Chapter 13 petition in the above-entitled case and listed the debt in question Schedule "E/F" as undisputed and owed under penalty of perjury:

| Last 4 Account No. | Basis for Claim | Name of Creditor | Amount of Claim |
|---|---|---|---|
| 9070 | Unsecured | Lending Point | $19,165.00 |

2. On November 13, 2024, Quantum3 timely filed a general unsecured proof of claim for the revolving credit card account with Sadino Funding LLC ("Claim #5-1") with the last 4 digits of the account number (9070), original creditor name, account name, open date, current creditor name, charge off date, last payment date, last transaction date, name of entity debt owned at time of last transaction date, and an itemization of the balance at the time of the bankruptcy filing.

3. Claim #5-1 states that the claim was acquired from LendingPoint LLC.

4. The amount of the debt listed on Claim #5-1, which was acquired from LendingPoint LLC, is $20,757.45.

5. The claim was filed after December 1, 2012 when <u>Bankruptcy Rule 3001(c) was amended to provide that the underlying account documentation is not required if the account is a revolving credit account.</u>  The claim at issue is a revolving credit card account.  As such, the claims are entitled to *prima facie* validity as to the nature of the debts and the amounts listed.

6. The burden now shifts to the objector to <u>produce evidence</u> sufficient to negate the prima facie validity of the filed claim.

7. The Debtor has not produced any evidence to negate the prima facie validity of the claim.

8. A creditor's failure to provide the required information under Rule 3001(c) is not itself a ground for disallowance of the claim.  The claim can only be disallowed only if it comes within one of the grounds for disallowance under § 502(b) of the Bankruptcy Code.

9. Moreover, without waiving the above arguments, on November 5, 2025, Quantum3 amended Claim #5-1 to attach the Bill Of Sale evidencing the sale of accounts from LendingPoint LLC to Sadino Funding, LLC.  Both the original proof of claim and the

amended claim are entitled to prima facie validity. A true and correct copy of the amended proof of claim is attached hereto as *Exhibit "A"*.

10. In terms of the "incomplete and truncated copy" of the Loan Agreement, the pages attached as an Exhibit to both the original Proof Of Claim and the amended Proof Of Claim show the original creditor as LendingPoint, show the Debtor's name as the Borrower, and contain the Debtor's signature. As such, the document satisfies the "preponderance of the evidence" standard that applies, *if* it is deemed that the assertions contained in the Debtor's Motion are sufficient to shift the burden back to Quantum3.

WHEREFORE, based on the foregoing, Creditor respectfully requests the Court to deny the Debtor's Motion To Expunge Claim 5, and provide any other remedy the Court deems just and proper.

Date: 11/20/25

/s/ William E. Craig
William E. Craig, Esquire
Attorney ID 92329
Eisenberg Gold & Agrawal, P.C.
1040 Kings Highway North #200
Cherry Hill, NJ 08034
(856) 330-6200
Attorney for Quantum3 Group LLC
as agent for Sadino Funding LLC